JACKSON-LYLES PLUMBING CO. v. ORA DOUGLASS, et al.

Western Section.    July 31, 1926.

No petition for Certiorari was filed.

1. **Mortgages.    Mortgagor is liable for attorney fees incurred by the trustee in protecting the mortgage.**

In an action by a trustee to recover attorney fees expended in protecting a mortgage where the mortgage provided: "The proceeds of any sale shall be applied as follows: First, to the payment of the expenses of making, main-

taining and executing this trust, the protection of the property, including the expenses of any litigation and reasonable lawyer's fees, etc," and where the trustee had retained an attorney in a suit where a party endeavored to establish the priority of a mechanic lien over the deed of trust, **held** the mortgagor was liable for the attorney's fee and the trustee could recover the same.

Appeal from Chancery Court, of Shelby County; Hon. D. W. De Haven, Chancellor.

Modified.

Ben G. Leve and D. B. Puryear, of Memphis, for appellant.

D. C. Moore, E. L. Lerner, Canada & Williams, and Klewer, Gailor & Exby, of Memphis, for appellee.

HEISKELL, J.   This is a very meager record.   The case was tried by the chancellor on oral testimony, but the evidence is not set out in the transcript.   Enough appears to show the following state of facts, action of the court thereon, and question now before this court.

There were a number of liens on the house and lot in Memphis, involved in this suit; (1) a deed of trust to secure Crump & Trezevant $5000, (2) a mechanics' and furnishers' lien under which complainants demanded and were held entitled to $950, (3) a deed of trust to secure $1000 purchase money to Battle Malone; (4) a deed of trust to secure notes to the amount of $2600, which notes, when this suit was instituted, were held and owned by Perel & Lowenstein and Harry Bauer.

The Bank of Commerce & Trust Co. was trustee in numbers 3 and 4.   The complainants had paid off the debt secured by number 3 and taken over that security, and the Bank of Commerce as Trustee had advertised the property for sale under number 4—the deed of trust securing the notes held by Perel & Lowenstein and Bauer. Then the complainant filed this bill setting up its mechanic's and furnisher's lien, its claim under number 3, supra, and also that it had paid $302.75 interest due under the trust deed number 1 to save the property from foreclosure.

The bill sought and obtained an injunction restraining the sale by the Bank of Commerce & Trust Co., as trustee, under the deed of trust, number 4, and an attachment which was levied on the property for the purpose of enforcing the lien for plumbing.

When the bill was filed and the injunction obtained the trustee had really made the sale and Perel & Lowenstein and Bauer had become the purchasers, but the trustee's deed had not been delivered to them.   At some time before the actual entry of the final decree, but presumably after the chancellor had decided upon the rights and priorities of the parties, Perel & Lowenstein and Bauer settled with complainant by paying all that complainant sued for,

so that there was nothing left for the decree to do except to vest the title in Perel & Lowenstein and Bauer under their purchase at trustee's sale, subject to the first mortgage only, and this was done. The decree by agreement or otherwise adjusted the costs one half against complainants and the other half against the defendants, T. J. and Ora Douglass and Perel & Lowenstein and Bauer. The decree then continues:

"And this cause coming on further to be heard upon the answer and cross bill of the Bank of Commerce & Trust Co., Trustee, upon the pro confesso taken thereto and upon the original trust deed on file in this cause, and it satisfactorily appearing to the court that the Bank of Commerce & Trust Co., Trustee, has incurred the expense of $28.05 for advertising bill, Notary's fee, transfer stamps and trustee's fee as set out in said answer and cross-bill, and said beneficiary in said trust deed being at all times willing to pay the aforesaid amount upon delivery of the trustee's deed and the court being of the opinion that the Bank of Commerce & Trust Co. is entitled to be reimbursed for said expenses and to be paid said trustee's fee. It is therefore ordered, adjudged and decreed by the court that the Bank of Commerce & Trust Co. have and recover of Joseph Perel, William P. Lowenstein and Harry Bauer the sum of $28.05, for all of which let execution issue.

And it further appearing to the court that the Bank of Commerce & Trust Co., Trustee, has in its answer and cross bill, and by its attorneys in open court asked to be reimbursed for the attorney's fee of $50 paid by it to David C. Moore, its attorney of record, for the services performed by said attorney in representing it in this lawsuit, the court being of the opinion that said Bank of Commerce & Trust Co., Trustee, is not entitled to be reimbursed for said attorney's fee, it is accordingly disallowed. To the action of the court in disallowing said attorney's fee, the Bank of Commerce & Trust Co., Trustee, excepts and prays an appeal to the next term of the Court of Appeals to be held at Jackson, Tennessee, which appeal is granted by the court upon the execution of a proper cost bond in the sum of $250. All of which is ordered, adjudged and decreed by the court.

The Bank of Commerce & Trust Co. perfected its appeal and assigned error as follows:

"The chancellor erred in refusing to allow the Bank of Commerce & Trust Co., Trustee, to be reimbursed for the attorney's fee paid by it for services of its attorney for representing it in this cause and in refusing to enter a decree against the parties defendant to the answer and cross-bill of the Bank

of Commerce & Trust Co., Trustee, for the amount of said attorney's fee, and in not declaring said fee to be protected by the lien of the trust deed with reference to which said services were performed. Tr. p. 65.''

It will be seen that the sole question presented to this court is whether or not the chancellor should have decreed in favor of the said trustee as to the $50 attorney's fee, and if so who should pay it. J. D. Douglass and wife Ora Douglass owned this property when complainant's lien attached. They sold to I. Groom and wife who executed their notes to the amount of $2600 for the purchase money and executed the deed of trust to the Bank of Commerce & Trust Co., as Trustee, to secure same. The trust deed provides that the grantors "will pay such expenses and fees as may be necessary in the protection of the property and the maintenance and execution of this trust. . . ." Also, "The proceeds of any sale shall be applied as follows: First, to the payment of the expenses of making, maintaining and executing this trust, the protection of the property, including the expenses of any litigation and reasonable lawyer's fees, etc.''

We think this would have authorized the trustee to deduct the attorney's fee from the proceeds of the sale, if the proceeds of the sale had come into its hands, and as Perel & Lowenstein and Bauer, the purchasers, did not pay the purchase money because they owned the debt, they are liable for the attorney's fee, as well as the expenses. If a third party had purchased at the trustee's sale, he would have paid the purchase money to the trustee and the trustee would have paid it over to the holder of the notes, less expenses and attorney's fee. If then the holder of the notes becomes the purchaser and does not pay the purchase money to the trustee he must pay the trustee's charges. If the holder of the notes buys the property at trustee's sale and bids more than the debt due him, of course he should pay to the trustee the amount over and above the amount of the notes, and out of this the trustee should retain his expenses, including attorney's fee, before paying over the balance to the grantor in the deed of trust. The grantor may be liable over to the holders of the notes, but the purchasers at the trustee's sale are bound to pay to the trustee at least enough to cover expenses. This assumes that the trustee was justified in employing counsel to defend the trust, and we think under the circumstances it was proper for the trustee to do so.

It is insisted by the appellant that complainants J. T. Jackson and Joseph Lyles are liable to it for this attorney's fee under the doctrine of the case of Fulgham v. Cotton, 74 Tenn., 590, but this is a misapplication of the ruling in that case. In that case a judgment creditor with return of nulla bona filed a bill to enjoin sale

under a mortgage and obtain sale of the property under decree of court, the proceeds to be applied first to satisfaction of the mortgage, second, to complainant's judgment. The complainant did not deny the priority of the mortgage and manifestly if the litigation instituted for the benefit of complainant by which he sought to subject the surplus over and above the mortgage debt, to his judgment, entailed expense, this should not be deducted from the debt of the mortgagee. The right of the mortgagee to full satisfaction should not be curtailed. The same rule would apply where a mortgagor filed a bill to enjoin a sale under the mortgage and the integrity of the mortgage is not disturbed by the court. But in the present case the complainant filed the bill to set up a claim secured by statutory lien, which must be enforced by attachment.

The beneficiaries under the mortgage, Perel & Lowenstein and Bauer, by answer, deny complainant's priority and the trustee calls for strict proof. The priority of complainant's lien was established by the suit. Complainants cannot be held responsible to the trustee for the attorney's fee.

As to Grooms and wife, the record is in this shape: They are before the court only as defendants to the answers of the trustee, Bank of Commerce & Trust Co., and of Perel & Lowenstein and Bauer, both of which are made cross-bills. Subpoena issued for I. Groom and Annie Groom upon both cross-bills and there was service on Annie Groom, but none on her husband, I. Groom. Pro confesso was taken as to both. There is no appearance for either, therefore, I. Groom is not before the court. They joined in the trust deed to the Bank of Commerce & Trust Co., Trustee, but that trust deed recites "Being the same property conveyed to I. Groom by warranty deed of T. J. Douglass and wife Ora Douglass of even date herewith." It also appears that the notes secured by the deed of trust were executed by I. Groom alone. Therefore no personal decree can go against Annie Groom.

It follows that the assignment of error is sustained so far as to hold that it was error not to require Perel & Lowenstein and Bauer to pay the attorney's fee of $50. As to other parties, the assignment is overruled. Decree will go against Joseph Perel and William P. Lowenstein operating as Perel & Lowenstein and Harry Bauer for $50, interest and costs.

Owen and Senter, JJ., concur.